**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
     :
SEAN MORRISON,     :
     :
                 Plaintiff,     :     No. 16-CV-4168 (OTW)
     :
            -against-     :     **MEMORANDUM OPINION & ORDER**
     :
ANDREW M. SAUL,[1]     :
     :
                 Defendant.     :
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:[2]**

Plaintiff brought this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB"). (ECF 1). Following an award of past-due benefits by the Social Security Administration ("SSA"), Plaintiff's counsel, Christopher James Bowes, has now moved for attorney's fees pursuant to 42 U.S.C. §406(b). (ECF 26). For the following reasons, Mr. Bowes's motion is GRANTED.

**I.    Background**

Plaintiff filed for DIB on July 12, 2013, alleging lumbar and cervical spinal stenosis, anxiety, and depression. *See* Declaration of Christopher J. Bowes ("Bowes Decl.") (ECF 27) ¶ 4. After the SSA initially denied Plaintiff's claim, Plaintiff requested and received a hearing before an administrative law judge ("ALJ"). *Id.* ¶¶ 5-6. ALJ Wallace Tannenbaum issued a decision on

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Andrew M. Saul for "Commissioner of the Social Security Administration."

[2] The parties consented to jurisdiction for all purposes under a magistrate judge pursuant to 28 U.S.C. §636(c). (ECF 13).

January 13, 2015, denying Plaintiff's application upon finding that Plaintiff could still perform sedentary work. *Id*. ¶ 7. The Appeals Council subsequently denied review of the ALJ's decision, rendering the Commissioner's decision final. *Id*. ¶ 8.

Plaintiff then retained counsel, Mr. Bowes, on May 19, 2016 to represent him in federal court to challenge the Commissioner's final decision. *Id*., Ex. A. Pursuant to the retention agreement, Plaintiff agreed to "pay Mr. Bowes a sum equivalent to one-quarter (i.e., 25%) of all past due benefits at the time of the award as compensation for his legal services," with Plaintiff's counsel agreeing to offset any payment if attorney fees were also awarded under the Equal Access to Justice Act. *Id*. Mr. Bowes further agreed that Plaintiff would not be obligated to pay for his services if Plaintiff were not to win any past-due benefits. *Id*. Plaintiff filed his complaint in this Court on June 3, 2016. (ECF 1).

On February 8, 2017, Plaintiff filed his motion for judgment on the pleadings. (ECF 15). On May 31, 2017, the Commissioner stipulated to remanding the action pursuant to 42 U.S.C. §405(g) for further proceedings. (ECF 18). Following the remand, the parties stipulated to an award of $4,668.48 in attorney's fees and $400 in costs to Plaintiff under the Equal Access to Justice Act. (ECF 24). ALJ Thomas Grabeel heard Plaintiff's case on remand and issued a favorable decision for Plaintiff. Bowes Decl. ¶ 17. The SSA accordingly calculated that Plaintiff would be entitled to past-due benefits from July 2012 through June 2018, for a total of $87,216. Bowes Decl. ¶¶ 18-19. Plaintiff's counsel filed the instant motion for fees pursuant to 42 U.S.C. §406(b) on October 30, 2018. (ECF 26). Due to the retirement from the bench of the Honorable Andrew J. Peck, the previous judge presiding over this case, the matter was reassigned on December 18, 2019 to the undersigned.

II. **Discussion**

    a. **Timeliness**

When a Social Security claimant receives a favorable court judgment, the Court may award a "reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Generally, under Federal Rule of Civil Procedure 54(d)(2)(B), any such fees motion must be brought within 14 days of entry of judgment. The Second Circuit, however, has clarified that the 14-day period is tolled for Social Security cases due to the need to first receive the Commissioner's calculation of past-due benefits. *See Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019).

Here, Plaintiff's counsel filed his motion on October 30, 2018. Although Plaintiff's counsel does not state when Plaintiff received the Notice of Award from the SSA, the Notice itself is dated September 16, 2018. *See* Bowes Decl., Ex. C. On October 1, 2018, Plaintiff's counsel requested, with the Commissioner's consent, an extension of 30 days due to "an extraordinary workload and pressing family matters." (ECF 25). Because the 14-day period is not absolute and may be extended at the Court's discretion, *see Sinkler*, 932 F.3d at 90, the Court now finds that the extension was warranted and grants it *nunc pro tunc*.[3] Accordingly, Plaintiff's counsel's motion is timely.

---

[3] The application of an extension of time was initially not ruled on due to the absence of an assigned active judge to the matter following Judge Peck's retirement from the bench.

b. **Analysis**

Courts have generally held that §406(b) should be interpreted to give a party the freedom to enter into contingent-fee agreements with counsel. *See Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Although the Court does not need to employ the lodestar approach, as is common in other fee-shifting statutes, the Court must still conduct an "independent check" to determine that the requested fees are "reasonable." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). The reasonableness test for §406 looks at three factors: (1) whether the requested fees are within the 25% cap, (2) whether the agreement was reached through "fraud or overreaching," and (2) whether the requested fees would represent a "windfall" to counsel. *Wells*, 907 F.2d at 372.

Here, Plaintiff's counsel seeks $21,804, exactly 25% of the awarded past-due benefits of $87,216, as permitted by §406 and his contingent-fee agreement with Plaintiff. *See* Bowes Declaration, Ex. A. There is no evidence in the record that the contingent-fee agreement was reached through fraud or overreaching. The agreement, signed by Plaintiff, states in plain language that Plaintiff agreed to pay his attorney 25% of any awarded benefits. *Id*. Neither Plaintiff nor the Commissioner opposes counsel's motion.

As to whether the requested fees constitute a windfall, the Court will consider:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

4

*Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)). Here, Plaintiff's counsel's effort was successful as after filing Plaintiff's motion for judgment on the pleadings, the Commissioner stipulated to remand for further proceedings. (ECF 18). After remand, Plaintiff was awarded his past-due benefits starting from July 2012, granting Plaintiff his application in its entirety. Upon review of Plaintiff's motion for judgment on the pleadings, it does not appear that the briefing was boilerplate. The brief contained many citations to the record and asserted valid legal arguments, which ultimately may have convinced the Commissioner to stipulate to a remand rather than file an opposition. (*See* ECF 15). Obtaining the remand with 23.3 hours of work is also within the range of reasonableness. *See Borus v. Astrue*, No. 09-CV-4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) (noting that "courts in this circuit find twenty to forty hours is a reasonable amount of time to spend on routine Social Security cases").

As Plaintiff's counsel points out, an award of $21,804 would represent an hourly rate of $935.52, a rate significantly higher than he usually charges. *See* Bowes Decl. ¶¶ 26, 31. Courts often permit, however, higher-than-usual hourly rates for Social Security cases due to the uncertain nature of contingency cases and to encourage representation of Social Security litigants, who often lack the resources to independently retain counsel. *See Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018). Plaintiff's counsel's rate of $935.52 is within the range previously found to be reasonable. *See, e.g., Ibbetson v. Saul*, No. 14-CV-7824 (KMK) (JCM), 2019 WL 3208432, at *3 (S.D.N.Y. June 25, 2019) (approving Mr. Bowes's rate of $838.93), *adopted by* 2019 WL 3202998 (S.D.N.Y. July 16, 2019); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (approving hourly rate of $1,079.72); *Mills v.*

5

*Berryhill*, No. 15-CV-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (approving Mr. Bowes's hourly rate of $1,007.78); *Torres v. Colvin*, No. 11-CV-5309 (JGK), 2014 WL 909765, at *5 (S.D.N.Y. Mar. 6, 2014) ("a substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00"); *but see Devenish v. Astrue*, 85 F. Supp. 3d 634, 639 (E.D.N.Y. 2015) (reducing Mr. Bowes's hourly rate to $350 where his only substantive legal work was drafting the complaint). Accordingly, Plaintiff's counsel's request for $21,804, less the EAJA award of $4,668.48, is reasonable.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED. Plaintiff's counsel is hereby awarded $17,135.52, representing 25% of the past-due benefits awarded Plaintiff less the fees already recovered by Plaintiff's counsel under the EAJA. Plaintiff's request for an extension of time to file his fees motion is also GRANTED *nunc pro tunc*. Accordingly, the Clerk of Court is directed to close ECF 25 and ECF 26.

**SO ORDERED.**

Dated: December 19, 2019
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge